IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| WILLIAM MALONE, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 5:18-cv-51 |
| v. | |
| MALCOLM JONES; and RICKY STONES, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's failure to comply with the Court's Orders of July 19, 2018, and January 23, 2019. Docs. 3, 8. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to prosecute and failure to follow this Court's Orders and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

Plaintiff filed this 42 U.S.C. § 1983 action to contest certain conditions of his confinement while he was housed at Coffee Correctional Facility in Nicholls, Georgia. Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*, and the Court granted that motion. Docs. 2, 3. In granting his motion, the Court advised Plaintiff he had 30 days to return his consent to collection of fees and trust account information forms. Doc. 3 at 3. By this same Order, the Court advised Plaintiff he must inform the Court in writing of any change of address, and his failure to do so would result in the dismissal without prejudice of this case. Id.

Plaintiff requested an extension of time to return his documents, and the Court granted him an extension until October 15, 2018, to return his financial documents. Doc. 6. On November 2, 2018, Plaintiff called the Office of the Clerk of Court concerning the payment of his filing fee. Plaintiff maintained the finance department at his place of detention issued a check for $350.00 on September 21, 2018, but the check had not cleared the bank (nor had the Court received the payment). The Clerk of Court received a check in the amount of $350.00 on November 28, 2018, on Plaintiff's behalf. However, the receipt for payment and the Court's September 13, 2018 Order were returned as undeliverable on December 19, 2018. Doc. 7.

On December 28, 2018, the Clerk mailed a letter, return receipt requested, addressed to Keith Etsey, the superintendent of the Clayton Transitional Center, as Plaintiff's last known address, to advise Mr. Etsey the check for the filing fee was returned due to insufficient funds. The Clerk advised Mr. Etsey the Transitional Center had 15 days to pay $403.00 to the Clerk of Court, which is $350.00 for Plaintiff's filing fee and $53.00 in fees for processing the check.[2]

---

[2]   Any reference to action taken by the Clerk of Court not specifically cited in this Order is to "Court only" notes on the record and docket of this case.

The Court then issued an Order on January 23, 2019, directing Plaintiff to show cause within 14 days of that Order why his Complaint should not be dismissed for failure to pay the filing fee or failure to return his financial forms and his failure to update his address.  Doc. 8.  The Court forewarned Plaintiff his failure to respond to this Court's Order or to otherwise show cause why his case should not be dismissed would result in this dismissal of this cause of action, without prejudice.  Id. at 2.  This Order was sent to Plaintiff at his last known address and was returned to the Court with the notation "[Return to Sender] RTS Released."  Doc. 9.  As of the date of this Order and Report and Recommendation, the Court has not received funds for the filing fee, Plaintiff's financial forms, an updated address for Plaintiff, or a response to its show cause Order.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to pay the filing fee and failure to comply with this Court's Orders.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint and **DENY** Plaintiff leave to appeal *in forma pauperis*.

**I.    Dismissal for Failure to Prosecute and to Follow this Court's Orders**

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket.  Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[3] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the

---

[3] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so."  370 U.S. at 633.  Nonetheless, in the case at hand, the Court advised Plaintiff that his failure to advise the Court of any change in address or failure to respond to this Court's Order would result in the dismissal of his Complaint.  Doc. 3 at 3; Doc. 8 at 2.

involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice."  Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint, where plaintiff did not respond to

4

court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Plaintiff has not responded to this Court's Orders, despite the Court specifically directing Plaintiff to do so and advising him of the consequences for failing to respond. Plaintiff has failed to diligently prosecute his claims, as he has not taken any action in this case since he moved for an extension of time to comply with the Court's July 19, 2018 Order, doc. 4, and called inquiring about his filing fee on November 2, 2018. Additionally, Plaintiff has failed to update the Court with his current address, despite the Court's instruction to him regarding this obligation and the consequences for failing to notify the Court of any change in address. Doc. 3 at 3. The Court has no means by which it can communicate with Plaintiff and is unable to move forward with this case.

Thus, the Court should **DISMISS without prejudice** Plaintiff's §1983 Complaint, doc. 1, for failure to prosecute and failure to follow this Court's Orders and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the

Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to prosecute and to follow this Court's Orders and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff at his last known address.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of March, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA